JAMES H. SOLLENBERGER *et al.* V. ROBERT L. STEPHENS.

NOTE—*Burden of Proof to Defeat.* In an action brought by the payee, as the plaintiff, to recover the amount of a promissory note which is admitted to have been executed and delivered by the defendant to the plaintiff, the burden of proof to defeat the note, or any part of the same, is upon the defendant to establish that the note was without consideration, or that there was a failure of a part of the consideration thereof.

### *Error from Rooks District Court.*

ACTION upon a promissory note. Judgment for plaintiff, *Stephens*, on December 3, 1888. The defendants, *Sollenberger* and another, bring the case to this court. The facts are stated in the opinion.

*W. B. Ham*, for plaintiffs in error.

*M. C. Reville*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below upon a promissory note executed by James H. and John L. Sollenberger to Robert L. Stephens, on August 19, 1886, for $700, with 10 per cent. interest, payable January 1, 1887. There was a credit upon the note of $77. The defendants answered that James H. Sollenberger was of unsound mind, and incapable of managing his own business; that Robert L. Stephens, during a part of 1885 and 1886, acted as his attorney

in fact in selling town lots in Woodston, Rooks county, and also in transacting his business; that a settlement was made between the parties on the 19th of August, 1886; that the note in controversy was then executed, but that such settlement was unfair and unjust, because Stephens made a fraudulent statement concerning his receipts and expenditures while transacting the business for James H. Sollenberger. Trial had before the court with a jury. The jury returned a verdict in favor of Stephens and against James H. and John L. Sollenberger for $500. Judgment was entered accordingly, and the defendants excepted and bring the case here.

It appears from the evidence that James H. Sollenberger was a person of weak mind; that no account of his business transactions between Stephens and James H. Sollenberger had been kept by Sollenberger, and that, at the time of the settlement and the execution of the note sued on, James H. Sollenberger and the parties who assisted him at the settlement were compelled to rely upon the statements and accounts of Stephens.

It is claimed that the court erred in instructing the jury that the burden was upon the defendants to prove that Stephens had failed to render a full account of his trust. At the time the settlement was made between Stephens and James H. Sollenberger, James H. was represented by C. W. Smith as his attorney, and by his brother, John L. Sollenberger, who was then acting as his attorney in fact. Robert L. Stephens was a farmer, but assisted in locating the depot of the Missouri Pacific Railroad upon James H. Sollenberger's land at Woodston, and after such location carried on the business of a real-estate agent. After the settlement between the parties was agreed to, C. W. Smith, as the attorney of James H. Sollenberger, drew up a written settlement, which was signed. The $700 embraced in a promissory note was allowed Stephens in the settlement, for his services as attorney in fact and agent for James H. Sollenberger. He claimed that he had rendered service for nearly 14 months. Upon the pleadings, the burden of proof was upon the defendants below to

establish the truth of the allegations of their answer. The settlement and compromise of the 19th of August, 1886, was in writing, signed by R. L. Stephens and James H. Sollenberger. This was witnessed by M. C. Reville, the attorney of R. L. Stephens, and C. W. Smith, the attorney of James H. Sollenberger. The note was executed and delivered to Stephens by James H. Sollenberger and his brother, John L. Sollenberger, in accordance with the terms of the written settlement and compromise. The execution of the note was admitted, and to defeat the same, or any part thereof, it was necessary to prove the allegations of the answer; therefore, the court committed no error in instructing the jury that the burden of proof in this regard was upon the defendants.

There are various other alleged errors complained of, but an examination of the record does not convince us that the trial court committed any error material or prejudicial to the rights of the defendants. No material evidence was rejected. The consideration mentioned in the deeds taken by Stephens was fully explained, and to all appearances the trial was fair. The court below expressly instructed the jury that if Stephens acted fraudulently in the settlement, or misrepresented things to James H. and John L. Sollenberger, or C. W. Smith, the attorney, the note should be defeated or the amount thereof reduced according to the facts in the case. If Stephens had made a settlement alone with James H. Sollenberger, we could readily understand, in view of his weak-minded condition, that such a settlement would be worthless. But at the time the settlement was made James H. Sollenberger was well represented by his brother, John L. Sollenberger, and by C. W. Smith, his attorney. Under all the circumstances of the case, we do not perceive any good reason for granting a new trial.

The judgment of the district court will be affirmed.

All the Justices concurring.