## William A. Stanton v. Mary Strong.

1. PROMISSORY NOTES—*Illegal Consideration Affirmative Defenses— Burden of Proof.*—In a suit upon a promissory note the defense that it was given in consideration that certain criminal proceedings be discontinued is an affirmative one, and the burden of proof is upon the party pleading it.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed April 16, 1901.

JAMES A. PETERSON, attorney for appellant.

WILLIAM E. CHURCH, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This was a suit begun before a justice of the peace, upon a promissory note for $125, dated December 4, 1894, made by A. D. Pickering to the order of himself, and indorsed by him. The appellant, William A. Stanton, and one A. H. Pickering, also indorsed the note.

After judgment before the justice in favor of appellee for $142.05, an appeal was taken to the Circuit Court. In that court two trials were had, both resulting in verdicts for the appellee, and from the judgment on the last verdict, for $125, this appeal has come.

It appears that the note in question was one that was given, with some others, in the course of a settlement of a claim by parties doing business as Buxbaum & Co. against the maker, A. D. Pickering, for moneys claimed to have been wrongfully applied by him, while in the firm's employment. Criminal proceedings were instituted against A. D. Pickering because of such illegal transaction, and while such proceedings were pending the note was given.

The main defense to the note is that its consideration was illegal, in that it was given upon the agreement that such criminal proceedings should be dismissed.

We need not consider the question of law, as to whether such a consideration invalidates the note, for there is no contention upon that proposition. The real question is one of fact, as to whether such an agreement to dismiss the criminal proceedings was made.

Upon that subject there was vitally conflicting evidence —that on one side being in effect that the consideration for the note was the settlement of the conceded claim of Buxbaum & Co. against A. D. Pickering, and on the other hand, that the consideration was an agreement that the criminal proceeding against A. D. Pickering, then pending, should be dismissed. It was the province of the jury to consider this conflicting evidence and determine where the weight of it lay, and we can not interfere, the verdict not being plainly opposed to the evidence. Moreover, the

defense in that respect was an affirmative one, and the burden was upon the appellant to establish it by at least a preponderance of the evidence. Pixley v. Boynton, 79 Ill. 351; Chicago T. & S. Bank v. Landfield, 73 Ill. App. 173.

This was, very clearly, not done. Error is claimed with respect of rulings of the court concerning the bill of exceptions, but they are not of a character that we can review.

We think no error was committed with reference to the admission of evidence; and we are confirmed in our view in that regard, by the circumstance that counsel, in his brief, considers the alleged errors as too plain to require argument.

There does not appear to be any error in the record, and the judgment must be affirmed.