\*TINKER v. MIDLAND VALLEY MERCANTILE Co.

No. 190.    Opinion Filed November 9, 1909.

(105 Pac. 333.)

**BILLS AND NOTES—Action on Note—Consideration—Burden of Proof.** Where the maker of a promissory note seeks to avoid the same upon the ground that it was executed without consideration, or for a consideration that was void under a statute, the burden of proof is upon him to show that the note was without consideration. or that it was given for a consideration prohibited by the statute.

(Syllabus by the Court.)

*Error from District Court, Pawnee County; L. M. Poe, Judge.*

Action by the Midland Valley Mercantile Company against George E. Tinker. Judgment for plaintiff, and defendant brings error. Affirmed.

*Boone, Palmer & McDonald,* for plaintiff in error.
*C. R. Buckner,* for defendant in error.

HAYES, J.    This is an action on a promissory note for the sum of $922.50, executed by plaintiff in error, defendant below, to defendant in error, plaintiff below, on September 1, 1906. Plaintiff's petition contains the averments necessary to state a cause of action on a promissory note. Defendant by his answer admits the execution and delivery of the note. But for his defense to the action he alleges: That, at the time he executed the note, plaintiff was licensed by the United States government to trade with the Indians within the Osage Indian reservation; that defendant is an Osage Indian; that plaintiff, as such licensed trader, had, from time to time extended credit to him as an individual, and as head of a family, for goods, wares, and merchandise largely in excess of 75 per cent. of the next quarterly annuity due after extending such credit to defendant; that said note was given as evidence of such excess indebtedness, and there-

---

¹Appealed to the Supreme Court of the United States.

fore the consideration of the note was illegal and the note void. After defendant, who assumed the burden of proof, had introduced his evidence, the court sustained a demurrer thereto and rendered judgment in favor of the plaintiff for the amount of the note, including interest and attorney's fees. This action of the court is the only error urged for reversal of the case.

We have carefully examined the evidence and think the court committed no error. By the Indian appropriation act of March 3, 1901, it was provided:

"That it shall be unlawful hereafter for the traders upon the Osage Indian reservation to give credit to any individual Indian or head of a family to an amount greater than sxty per centum of the next quarterly annuity to which such individual Indian or head of a family will be entitled; and if such trader shall give credit to any individual Indian or head of a family upon such reservation in excess of the amount herein allowed, no portion of the indebtedness thus created shall be collectable, and the same shall be void and the license of such trader shall be revoked." (Act March 3, 1901, c. 832, 31 Stat. 1065.)

Defendant attempts to charge in his answer that plaintiff, from time to time, in violation of the above statute, extended credit to defendant in excess of the amount permitted by the statute, and that the note in controversy was given in settlement of such indebtedness. He does not charge that the indebtedness was made or contracted at the time the note was given. Defendant testified that the amount he received for himself and family on September 4, 1906, which was the first annuity after the execution of the note, was $280; but there is no evidence whatever tending to prove the essential allegations of the answer, except that plaintiff was a licensed Indian trader upon the Osage Indian reservation. There is no evidence whatever that the note was given in payment of excess credits granted by plaintiff from time to time. It is not charged that the note was given in payment for goods purchased since the last quarterly annuity before the execution of the note, or in settlement of credits extended during that time, and there is no evidence to that effect. It is

true that the amount of the note is greater than the annuity received by defendant on September 4, 1906, just after the execution of the note; but there is nothing in the evidence to show that the debt which the note represented was created at that time, and the allegations of the answer are that it was not; nor was there anything in the evidence to show that the debt, or any part thereof, which the note represented, when created, was in excess of the amount of the following annuity which the maker of the note received.

In an action brought by the payee upon a promissory note, where the defendant admits the execution and delivery of the note, in order to defeat it, the burden of proof is upon him to establish that the note was without consideration, or that its consideration was illegal. *Pixley v. Boynton,* 79 Ill. 351; *Stanton v. Strong,* 94 Ill. App. 486; *Sollenberger v. Stephens,* 46 Kan. 386, 26 Pac. 690; *Cundiff v. Campbell,* 40 Tex. 142.

The judgment of the trial court is affirmed.

All the Justices concur.