## BERNERT v. BERNERT.

No. 16512—Opinion Filed April 6, 1926.

Opinion Withdrawn Pending Revivor May 18, 1926. Opinion Refiled Jan. 18, 1927.

1. **Bills and Notes—Want of Consideration—Burden of Proof.**

Where the maker of a promissory note seeks to avoid the same upon the ground that it was executed without consideration, the burden is upon the party pleading want of consideration to prove the same.

2. **Partnership—Creditor not Made Partner by Taking Profits as Payment — Statements by Debtor Incompetent to Prove Partnership Relation.**

Where H. borrows money from A., and agrees to give A. all the net profits from the business in which H. is engaged until the full sum of the money borrowed is repaid to A., when payment of profits shall cease, such agreement does not constitute a partnership between H. and A., and any statement made by, H., not in the presence of A., to the effect that A. is a partner in the business is not binding upon A.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by A. Bernert against Harry Bernert and Annie Bernert, partners, trading as Bernert Jewelry Company, to recover on two promissory notes, for $1,000 and $300. respectively, and for $500 for work and labor. Cause dismissed as to Annie Bernert, and judgment for plaintiff against Harry Bernert, and Harry Bernert appeals. Cause revived in the name of R. C. Dickensheets, administrator. Affirmed.

Ernest F. Smith, for plaintiff in error.

W. H. Hills, for defendant in error.

Opinion by RUTH, C. A. Bernert, plaintiff, brought his action against Harry Bernert and Annie Bernert, a partnership, doing business under the firm name of the Bernert Jewelry Company, to recover principal, interest, and $10 attorneys' fees on one note in the principal sum of $300, and for principal, interest, and $50 attorneys' fees on one note in the principal sum of $1,000. Subsequently, the plaintiff brought a second action for $500 for wages due from the defendants at the rate of $40 per week. The causes were consolidated in the trial court, a jury was impaneled, and at the conclusion of all the testimony, the court instructed the jury to return a verdict for plaintiff against Harry Bernert, after the cause was dismissed as to Annie Bernert, and defendant appeals.

Defendant's answer to the action on the notes was want of consideration, and that plaintiff and defendant were partners, and as the firm or partnership was deeply in debt when they dissolved, there was no consideration for the notes. Defendant's answer to the action for work and labor was a general denial. It appears plaintiff was watchmaker and manufacturing jeweler, and defendant was a retail manufacturing jeweler. They were brothers, and defendant borrowed money from the plaintiff, and testifies he does not know the amount, but did not think it was more than $1,100 or $1,200. Defendant had given plaintiff another note for $1,500, but this note is not involved in this case. Defendant was forced into bankruptcy, and did not schedule the money he owed plaintiff in the bankruptcy. After his discharge in bankruptcy the defendant again engaged in the jewelry business, and admits he gave plaintiff the $300 note for wages due, and admits he gave plaintiff some 12 checks, 11 for $40 each, one each week, representing plaintiff's wages at $40 per week, and one for $13.50. As to the $1,000 note, defendant admits he borrowed money from his brother, the plaintiff, but never kept an account of it, although he kept strict book account of all other transactions and employed a bookkeeper for that purpose; that plaintiff kept nagging him and fussing and pestering him for a settlement, and to save a fuss he asked plaintiff how much he owed him, and plaintiff called off the various loans of cash made to defendant from time to time, ranging from $250 down, and defendant dictated the $1,000 note to his bookkeeper and typist, and signed the note "The Bernert Jewelry Company, by Harry Bernert"; that he did not think he owed him this much, but wanted to avoid a "fuss." This constituted no defense to the notes on the plea of want of consideration.

"Where the maker of a promissory note seeks to avoid the same upon the grounds that it was executed without consideration or for a consideration that was void under a statute, the burden of proof is upon him to show that the note was without consideration or that it was given for a consideration prohibited by the statute." Tinker v. Midland Valley Mercantile Co., 25 Okla. 160, 105 Pac. 333.

This leaves but the question of partnership to be considered. Defendant relies upon a certain written instrument and oral statements to establish partnership between

plaintiff and defendant. The written instrument is as follows:

"Enid, Okla., Jan. 2, 1924, Agreement. Bernert Jewelry Company, as party of the first part and Al Bernert, as party of the second part. Al Bernert, party of the second part, has loaned to the Bernert Jewelry Company, party of the first part, $15,000, and it has been agreed by the Bernert Jewelry Company, party of the first part, $1,500 and Al Bernert, party of the second part, the full amount of the net profit of earnings of the above amount, for the year 1924, and the amount of earnings shall be paid by January 2, 1925. It is also agreed by Al Bernert, party of the second part, the privilege of paying same at any time within that period, and when same is paid it would stop paying the earnings of same. Bernert Jewelry Co., By Annie Bernert. Albert A. Bernert."

This instrument was dictated to the typist of the Bernert Jewelry Company, by Harry Bernert, signed as herein set out, and delivered to plaintiff, and defendant testifies he, defendant, told people, customers and salesmen that plaintiff, Al Bernert, was a partner, but none of these statements appear to have been made in the presence of or by plaintiff.

This agreement, as we construe it, is nothing more than a promise to pay Al Bernert, plaintiff, all the net profits from the business until such payments amounted to $1,500. Plaintiff continued to work for defendant as a watchmaker at $40 per week, and each week received a check for his wages, but never any money, as defendant says he never had any money to meet the checks.

"A partnership is an association of two or more persons in some enterprise or business in which the various partners share in the profits and losses to some degree." Noyes v. Tootle, 2 Ind. Ter. 144, 48 S. W. 1031.

"A partnership is an association of two or more persons for the purpose of carrying on a business together and dividing the profits between them." King v. Gant, 77 Okla. 105, 186 Pac. 960.

"If the interest in the profits is joint, then that generally makes it a partnership, but a common interest in the profits does not." Municipal Paving Co. v. Herring, 50 Okla. 470. 150 Pac. 1067.

"Where one denies he is a member of the firm, the burden is on the party alleging the partnership." Martin-Brown Co. v. Morris, 1 Ind. Ter. 495, 42 S. W. 423; Strickler v. Gitchel, 14 Okla. 523, 78 Pac. 94: Boorigie v. Boorigie, 89 Okla. 64 223 Pac. 874.

In the instant case, the plaintiff was simply to receive all net profits from defendant's business until the debt was extinguished. There was no evidence of partnership, and the court did not commit error in directing a verdict.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 995 §1299; 3 R. C. L. p. 929; 1 R. C. L. Supp. p. 923. (2) 30 Cyc. pp. 385, 409; 20 R. C. L. 838.