### STICELBER v. IGLEHART.

No. 22378.    Nov. 13, 1934.

Poe, Lundy & Morgan and H. R. Duncan, for plaintiff in error.

C. H. Baskin, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Hughes county in favor of the defendant in error,

the plaintiff in the trial court, and against the plaintiff in error, the defendant therein.

Whether the action was one for an accounting in partnership, an accounting under a mining partnership, an accounting of a joint adventure, or to establish a trust, it was one in equity and it was necessary for the plaintiff to prove an oral contract, the performance of the conditions necessary to be performed by him, and a breach by the defendant. Bernert v. Bernert, 123 Okla. 78, 254 P. 724.

We have carefully reviewed the record, and we find therefrom that the judgment of the trial court is against the clear weight of the evidence in that the plaintiff failed to sustain the burden of proof resting upon him. The record shows not only vagueness and uncertainty in the terms and provisions of the purported contract, but greater vagueness and uncertainty as to performance of the conditions required to be performed by the plaintiff, if the contract alleged was in fact entered into.

The testimony of the plaintiff has failed to recite any conversation between the plaintiff and the defendant from which it might be reasonably concluded that there was a mutual assent or meeting of the minds of the parties pertaining to the subject of this action. It is evident from the testimony that the parties had some conversation about the probability of their developing an oil lease on what was termed the Brazil eighty. The defendant admits such a conversation. He specifically denied any conversation relative to the development of the Carter Oil Company lease. The defendant admits that he told the plaintiff that he was going to try to get a lease from the Carter Oil Company. The most of the conversation between the plaintiff and the defendant, as testified to by the plaintiff as constituting the contract, is so vague and indefinite that it is impossible to ascertain the intention of the parties. What it was that was proposed by the one and what was assented to by the other is extremely indefinite. The defendant emphatically denied any such conversation.

In support of the allegations in the petition relative to the plaintiff making arrangements to finance the deal of drilling a well, the plaintiff introduced witness Meadors, with whom the plaintiff alleged he had made arrangements to finance the deal. It is conclusively shown by the testimony of Meadors that Meadors never agreed to furnish a sufficient sum to finance the drilling of a well and that no definite agreement was made concerning same. It is shown by the plaintiff's testimony that no arrangement to finance the drilling of a well was made.

If it were admitted that the conversation between the plaintiff and the defendant took place as testified by the plaintiff, it would not prove the allegations of the plaintiff's petition nor constitute a contract forming a basis of recovery. In Central Mortgage Co. v. Michigan State Life Ins. Co., 43 Okla. 33, 143 P. 175, this court held:

"Where parties in making an agreement fail to use language sufficiently defintie to enable the court to ascertain to a reasonable certainty their intent, such agreement does not constitute an enforceable contract in law; nor will it support an action for damages, based upon a breach thereof.

"In this case the evidence shows that the agreement alleged to have been entered into between plaintiff and defendant was indefinite, vague, and uncertain to an extent that it fails to constitute an enforceable contract. Held, that, under section 924, Rev. Laws 1910, and likewise under the general law, such agreement is void, and the court did not commit error in directing a verdict for defendant."

See 13 Corpus Juris, page 266, sec. 59.

No contract is complete without the mutual assent of all of the parties to all of its terms. Atwood v. Rose, 32 Okla. 355, 122 P. 929. A contract must not only be fair and just, but must be certain in its terms before specific performance will lie. Superior Oil & Gas Co. v. Mehlin, 25 Okla. 809, 108 P. 545; Hill Oil & Gas Co. v. White, 53 Okla. 748, 157 P. 710.

The plaintiff cannot recover on his purported implied contract nor on a joint adventure of the parties. If in fact the plaintiff had the purported conversation with the defendant pertaining to the acquiring and improving of the Carter Oil Company lease, as alleged in the plaintiff's petition and his testimony, he was to furnish or secure the financing of same, and such financing was a condition precedent to the existence of the relation of partners. The plaintiff, by his own testimony, failed to secure the finances. His agreement with Meadors was abandoned by the plaintiff. While the testimony shows that Meadors was willing to put $5,000 into the venture, no understanding was ever discussed or reached with Meadors as to terms and conditions upon which he would furnish the $5,000. Under the terms of the agreement made between the Carter Oil Company and the defendant, he had to begin a well within 90 days from April 17, 1929. The only attempt on the part of the plaintiff to finance the undertaking had failed

and had been abandoned by the plaintiff. It was for the defendant to finance his venture or forfeit his lease contract, and the defendant made an agreement with the Florine Drilling Company which, in part, took care of the financing of the drilling.

The judgment of the trial court is reversed and the cause is remanded to the trial court, with directions to render judgment for the defendant.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. CULLISON, V. C. J., and BUSBY, J., absent.