FORSTER-DAVIS MOTOR CO. v. SLATERBECK.

No. 28803.   Sept. 19, 1939.

98 P. 2d 17.

Rehearing Denied Jan. 23, 1940.

Clayton B. Pierce, Truman B. Rucker, and A. M. Covington, for plaintiff in error.

B. A. Hamilton and S. J. Clendinning, for defendant in error.

WELCH, V. C. J. Essential facts are that the plaintiff, Lloyd L. Slaterbeck, was in the employ of the defendant, Forster-Davis Motor Company, a corporation, as car salesman. He worked for about a month on straight salary and traveling expenses, traveling over the territory visiting garage men and others to promote sales, and was then called in to work as salesman in the used car lot on commission. He had worked in this latter capacity a few weeks when the accidental injury occurred. He was driving one of plaintiff's cars from the lot toward the airport, in the line of his general efforts to sell cars, when his car crashed into a ditch, resulting in serious personal injury. He brought this suit against his employer for damages, upon the theory that at the commencement of his employment his employer had agreed as additional compensation that he would furnish plaintiff with insurance that would give him the same protection as if he were covered, or as if his employment were covered, by the Workmen's Compensation Law of the state.

While the existence of any such contract or promise was denied by defendant, the jury found the issues in favor of plaintiff and concluded that, since defendant had not procured or furnished any such insurance to plaintiff, plaintiff was thereby damaged in the sum of $5,000 by defendant's breach of such contractual promise.

Upon appeal the defendant's first contention is that the alleged promise or contract was too indefinite and uncertain to possess any enforceable validity. And that said contract as alleged was therefore invalid and void, and that therefore the trial court erred in overruling defendant's demurrer to plaintiff's evidence and defendant's motion for a directed verdict.

The rule is well established that a valid contract must be sufficiently definite and certain to set out or lead to a definite and clear conclusion as to the full duties required to constitute a compliance, or to permit of a reasonably correct measure of the damages for its breach.

We have held that a contract too indefinite and uncertain cannot constitute an enforceable contract authorizing the recovery of damages for its breach. See Arkansas Valley Town & Land Co. v. Atchison, T. & S. F. Ry. Co., 49 Okla. 282, 151 P. 1028.

It is the duty of parties making agreements to use language sufficiently defi-

nite to enable the court to ascertain to a reasonable certainty their full and detailed intent, and where they do not do so their agreement does not constitute an enforceable contract in law, nor will it support an action for damages based upon a breach thereof, as held in Central Mortgage Co. v. Michigan State Life Insurance Co., 43 Okla. 33, 143 P. 175.

The same rules were noticed and applied and followed in holding a purported contract invalid for uncertainty in Sticelber v. Iglehart, 169 Okla. 453, 37 P. 2d 638. See, also, Rogers v. White Sewing Machine Co., 59 Okla. 40, 157 P. 1044; and Emery Bros. v. Mutual Benefit Oil Co., 73 Okla. 94, 175 P. 210.

In the instant case the asserted promise or contract was stated in no more definite or certain terms than in plaintiff's own testimony where he referred to the defendant employer, and said: "Well, he said he would furnish me with insurance that would give me the same protection as if I were covered under the Compensation Laws of Oklahoma." There was no agreement or statement as to when the defendant was to procure such an insurance policy, or when or whether such a policy was to be delivered to the plaintiff, nor any designation as to the insurance company or the character of the insurance company from which any such policy was to be procured. There was no suggestion as to the length of time any such policy should continue in force or operate, or the term for which it was to be procured in the first instance; nor was anything said as to the details, amounts, or provisions to be included in any such insurance policy to be furnished by the defendant.

In fact, if this contract was made as the plaintiff contends it was, we regard it as a practical impossibility to state what acts on the part of the defendant would constitue a clear or complete compliance therewith; nor can we see any sound or logical rule by which the damage for the breach thereof could be logically and reasonably measured. If the plaintiff thought he was covered by any general workmen's compensation insurance which the employer carried for those employees covered by the law, that is unfortunate, but no remedy can be afforded by the court. That whole matter is one for legislative control, and the Workmen's Compensation Act is quite definite and clear as to its benefits and as to those who may claim them. If the plaintiff thought he was protected by a statement of his employer placing him in the status of an employee covered by the Workmen's Compensation Act, it is likewise unfortunate, for any such promise, if it existed, must be measured by this court for sufficient certainty to justify compensation for its breach. When tested by the applicable rules this promise or contract is wholly indefinite and uncertain and cannot be relied upon to compensate plaintiff for his physical injuries upon plaintiff's theory of a valid contract breached to his damage.

Another proposition presented by defendant concerns alleged errors in giving instructions. We do not deem it necessary to thoroughly discuss and dispose of these contentions. However, it is apparent from the record that some difficulty was encountered in undertaking to instruct the jury upon plaintiff's theory that the contract or promise relied upon was definite and valid and binding. For instance, the instructions indicate some requirements that the jury in their deliberation should deal with various difficult details of the administration of the Workmen's Compensation Act in the Industrial Commission, such as determination of the correct figure for weekly compensation, the various percentages of disability, and the number of weeks of compensation allowable by an award of the Industrial Commission. The almost insurmountable difficulties of correctly instructing a jury in these regards serve rather forcibly to demonstrate the complete lack of certainty of the contract sued upon.

Rather forceful argument is presented attacking the theory of the measure of damage as considered by the jury. We

deem it unnecessary to discuss the difficulties of stating a correct measure of damage under plaintiff's theory, since we are of the view that the asserted contract was too indefinite and uncertain to possess validity. However, the arguments on this point of the measure of damage, and the entire trial record justify the conclusion that it would be most difficult, if not impossible, to logically follow and apply to the facts in this case the theory that the plaintiff had a valid contract which could be enforced in law, or which could form the basis of a jury verdict for properly measured damage in case of its breach by defendant, as alleged. All are familiar with the procedure of the State Industrial Commission in measuring injuries, percentage of disability, depreciation of wage-earning capacity, and the making of awards under the specific member provisions of the Workmen's Compensation Act, or under the 500 weeks provision or the 300 weeks provision of that act. It is not necessary to make any statement of the many difficulties attendant upon an effort to submit these various questions to a jury.

While we have noticed these, and the other contentions presented by the parties, we rest our decision upon the conclusion that the contract or employer's promise relied upon by the plaintiff was so indefinite and uncertain as to be invalid and void under the applicable rules of law.

We therefore conclude that plaintiff's evidence wholly fails to show an enforceable contract to furnish insurance against accidental personal injury, and that therefore the trial court erred in overruling defendant's demurrer to plaintiff's evidence and motion for a directed verdict.

The judgment of the trial court is therefore reversed, and the cause remanded, with directions to render judgment for defendant.

BAYLESS, C. J., and RILEY, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. OSBORN and HURST, JJ., dissent.