**R. R. GREENBAUM, Plaintiff,**

v.

**Frank KIRKPATRICK, Jr., and Joe Benson, Defendants.**

**Civ. A. No. 6127.**

United States District Court,
W. D. Oklahoma.

March 3, 1955.

Robinson, Shipp, Robertson & Barnes, Oklahoma City, Okl., and Collins, Hughes,

Martin & Pringle, Wichita, Kan., for plaintiffs.

Raymond O. Craig and Howard F. Wilson, Blackwell, Okl., and Rodgers & Gurley, Blackwell, Okl., and Lynn Adams, Oklahoma City, Okl., for defendants.

WALLACE, District Judge.

The plaintiff, R. R. Greenbaum, a citizen of Kansas, brings this action against the defendants, Frank Kirkpatrick, Jr., and Joe Benson, Oklahoma citizens, and seeks equitable relief in the nature of specific performance and the establishment of a constructive trust in connection with certain mineral interests held by the defendants.[1] Plaintiff's cause of action is based upon an alleged oral agreement between plaintiff and defendant Kirkpatrick wherein the plaintiff and defendant Kirkpatrick were jointadventurers in the acquisition and development of the minerals in question. Plaintiff urges that under the alleged oral agreement defendant Kirkpatrick was to contact the owners of said surface and minerals and obtain a lease or leases, on a standard form, containing customary provisions, which leases, regardless how taken, would be owned by plaintiff and defendant Kirkpatrick in equal shares; that under such agreement plaintiff was to reimburse Kirkpatrick for the cost of acquiring the leases and the costs of any proceedings before the state corporation commission in connection with development of such leases; that the plaintiff would attempt to interest other parties in the development of the property, and "if possible, make an agreement with such third parties to drill, at their sole cost and expense, a test well for oil and gas to the Cleveland Sand formation for an undivided one-half interest in such lease or leases, the other onehalf interest to be retained by plaintiff and defendant (Kirkpatrick) in equal shares, to be carried free of drilling costs to the Cleveland Sand formation"; that should it be impossible for plain-

tiff to negotiate an agreement upon such terms, "the plaintiff would make the best contract possible and whatever interest he was able to retain carried free to said formation or to any other point in the completion of the well would be divided by plaintiff and defendant (Kirkpatrick) equally". Plaintiff further alleges that in furtherance of said joint adventure Kirkpatrick did contact the landowners in question; and, that plaintiff "did thereafter contact and negotiate with various persons interested in investing in oil and gas development and did tentatively work out an arrangement for the drilling of a test well to the Cleveland Sand on said lands under which a one-half working interest to be retained by plaintiff and defendant (Kirkpatrick) would be carried free of cost to the Cleveland Sand formation"; but, that Kirkpatrick repudiated said joint adventure and without notice to plaintiff acquired an oil and gas lease covering $\frac{4}{6}$ of the mineral interest under the lands in question and took said lease in the name of defendant Kirkpatrick and defendant Benson. In addition, plaintiff asserts that defendant Benson's interest is subject to plaintiff's claim for one of two alternative reasons: (1) That Benson in giving a half interest in the instant lease to Kirkpatrick to raise capital for the development thereof made Kirkpatrick a joint adventurer with him or at least his agent, and that the agreement Kirkpatrick negotiated with the plaintiff was within the scope of that joint adventure or agency and is, therefore, one which binds Benson; or (2) that if there was no contract between Benson and Kirkpatrick, Benson acquired the $\frac{1}{12}$ interest which he now holds from Kirkpatrick a considerable period of time after he had notice of the plaintiff's claim and therefore took such interest subject to Kirkpatrick's trust for the benefit of the plaintiff.

After careful consideration the Court has concluded that the defendants

---

1. The legal description of the oil and gas lease and leasehold herein involved is: "The SE/4 of Section 22, Township 29 North, Range 1 East, Kay County, Oklahoma."

are entitled to judgment for the reason that the evidence fails to establish that a joint adventure did in fact exist between plaintiff Greenbaum and defendant Kirkpatrick as to the instant property.[2]

■ Although there were numerous conversations between the plaintiff and defendant Kirkpatrick pertaining to the property in question these various conversations amounted to preliminary negotiations pointing to a future course of action and agreement and did not result in a present binding contract wherein the minds of the parties met.[3] Doubtless, plaintiff believed that defendant Kirkpatrick, after obtaining the lease in question, intended to give plaintiff the opportunity to develop same; however, neither of the two parties were bound to a definite course of conduct.

The following additional findings and conclusions are given in support of the Court's ruling:

1. The Court has jurisdiction of this action. The parties here involved are of diverse citizenship; and, the amount in controversy, exclusive of interest and costs, exceeds $3,000.

2. On or about July 3, 1953, defendant Benson entered into an oral agreement with one Charles A. Rollins (a ⅘th owner of the fee simple of the property in contest) for the purchase of an oil and gas lease covering Rollins' interest in said property.

3. On August 25, 1953, pursuant to said oral agreement, the said Rollins, and his wife, signed and delivered to defendant Benson an oil and gas lease covering the undivided mineral interest in question. Although such lease was procured through the sole and exclusive efforts of defendant Benson, the name of defendant Kirkpatrick was inserted in the lease as co-lessee at the direction of defendant Benson.

4. Defendant Benson obtained his interest in said lease prior to receiving a copy of a letter from plaintiff directed to defendant Kirkpatrick, dated October 7, 1953, and prior to the filing of a caveat by plaintiff on November 27, 1953; and, at all times after the acquisition of said lease defendant Benson retained an interest therein of not less than an undivided ½th, the amount of Benson's present interest.

5. Defendant Benson received a copy of plaintiff's letter to defendant Kirkpatrick dated October 7, 1953; no other communications or dealings of any kind took place between plaintiff and defendant Benson regarding the subject of this action.

Within fifteen days counsel should submit a journal entry which conforms with this opinion.

2. Although an alleged joint adventure dealing with interest in realty is not within the statute of frauds and may be established by parol evidence, Thompson v. McKee, 1914, 43 Okl. 243, 142 P. 755, L.R.A.1915A, 521. See also 49 Am.Jur. § 220, p. 545; and, Hoge v. George, 27 Wyo. 423, 200 P. 96, 18 A.L.R. 484, together with supplemental annotation at 95 A.L.R. 1242, the plaintiff must fully establish the existence of the joint adventure and where seeking to invoke a constructive trust by parol evidence, such evidence must be clear, unequivocal and decisive. Boles v. Akers, 1925, 116 Okl. 266, 244 P. 182; Coryell v. Marrs, 180 Okl. 394, 70 P.2d 478.

3. Because of the Court's expressed rationale it is unnecessary to rule on two collateral issues. However, under the plaintiff's own allegations and evidence there is a serious question but what the plaintiff could not obtain the requested relief because: (1) The agreement was too vague and indefinite to be enforceable. See Sticelber v. Iglehart, 1934, 169 Okl. 453, 37 P.2d 638, cf. 15 Okl. Stat. § 104 (1951); and, (2) The agreement lacked the required mutuality to be enforceable because of the indefinite character of plaintiff's duties thereunder. See Owens v. Wilson, 1929, 135 Okl. 38, 273 P. 895.