Earl DUNN and Kelton F. Wilson, d/b/a
Dunn & Wilson Construction Co.,
Plaintiffs in Error,

v.

L. E. DUNN, Defendant in Error.

No. 40394.

Supreme Court of Oklahoma.

April 28, 1964.

Bassmann, Gordon, Mayberry & Lavender, Claremore, for plaintiffs in error.

E. D. Brewer, Tulsa, for defendant in error.

BERRY, Justice.

This is an appeal upon the original record from an order entered by the trial court sustaining defendant's demurrer to the

amended petition, and ordering the cause dismissed.

The amended petition alleged, in substance, that plaintiffs were copartners engaged in the construction business and the defendant was in the business of selling building materials. In April, 1961, the parties entered into an oral contract under terms of which plaintiffs agreed to purchase all building materials used, insofar as same were available, from defendant. As consideration therefor defendant agreed to do everything necessary or required by Mid-Continent Casualty Company to assist plaintiffs in securing bid bonds from such Company when required in submitting construction bids. The terms of the agreement required defendant to give reasonable notice in the event termination thereof was contemplated. Pursuant to such agreement plaintiffs purchased building supplies from defendant amounting to $3,510.85, and defendant assisted plaintiffs in securing bid bonds upon eight building projects in different cities.

On January 25, 1962, plaintiffs prepared a bid to be submitted in an effort to secure a contract for construction of a church edifice in Tulsa, Oklahoma. Upon making oral inquiry defendant assured plaintiffs their agreement was operative and defendant would assist in obtaining the necessary bid bond. However, defendant willfully and negligently failed to perform his agreement in that he (1) failed to advise plaintiffs of his intention not to assist them in obtaining a bid bond; (2) defendant waited until approximately one hour before the bid opening to advise the bonding company he would not assist plaintiffs in securing a bond; (3) defendant acted willfully, negligently, intentionally and in such manner that malice was to be presumed. Plaintiffs exhausted all possible efforts to obtain a bid bond but were unsuccessful; their bid was the lowest offered, and had it been accompanied by a qualifying bond they would have secured a building contract upon which a profit of $5,000.00 would have been made; that same was denied them be-

cause of defendant's wrongful acts. Plaintiffs therefore asked actual and exemplary damages of $20,000.00 upon their cause of action.

Defendant demurred to the amended petition upon the grounds of failure to state a cause of action, indefiniteness, and that the agreement alleged therein was void as being within the Statute of Frauds.

Upon hearing, the trial court sustained defendant's demurrer. Plaintiffs elected to stand upon the petition and an order was entered dismissing the cause. The appeal to this Court is predicated upon error alleged to inhere in the trial court's order and judgment in the case.

Plaintiffs urge two propositions as grounds for reversal. The first, in substance, is that defendant's obligation under the alleged oral agreement was an original obligation and so not required to be in writing under the Statute of Frauds. The second contention is to the effect that a promise to become a surety is not unlawful, and when based upon sufficient consideration is as binding upon the promisor as though he had become surety. Although perhaps meritorious as abstract statements of law, we are of the opinion same cannot be controlling herein. The matters urged do not require extended discussion since the cause is determinable upon other grounds.

Plaintiffs' cause of action was predicated upon an alleged oral agreement "partly expressed and partly implied" between the parties. The amended petition alleged such agreement was entered into sometime in April, 1961. There was no allegation relative to the duration of such alleged agreement. Under this circumstance two long-recognized rules, often reiterated by this Court, are to be considered. One of these rules is stated in Arkansas Valley Town & Land Co. v. Atchison, T. & S. F. Ry. Co., 49 Okl. 282, 151 P. 1028, p. 1032, in this manner:

"* * * The contract, however, does not by its terms fix any period of duration between the parties, and its dura-

tion is indefinite, so that we are unable to determine just how long the parties contemplated that it should continue. This being true, it might be terminated by either party at any time. * * *"

Supporting the quoted rule, cases from twelve jurisdictions are cited.

The rule has been reiterated by this Court in Foster v. Atlas Life Ins. Co., 154 Okl. 30, 6 P.2d 805, and Dunn v. Birmingham Stove & Range Co., 170 Okl. 452, 44 P.2d 88.

▮ Further, although the law does not favor the destruction of contracts because of uncertainty, an agreement which is not sufficiently definite to enable a court to ascertain the parties' intentions with reasonable certainty does not constitute an enforceable contract. In Central Mortgage Co. v. Michigan State Life Ins. Co., 43 Okl. 33, 143 P. 175, Syllabus 1 states this rule:

"Where parties in making an agreement fail to use language sufficiently definite to enable the court to ascertain to a reasonable certainty their intent, such agreement does not constitute an enforceable contract in law; nor will it support an action for damages, based upon a breach thereof."

This quoted rule has been applied more recently in Forster-Davis Motor Co. v. Slaterbeck, 186 Okl. 395, 98 P.2d 17, and Colbourn v. Bell et al., Okl., 294 P.2d 289. The rule so expressed is declaratory of the statute, 15 O.S.1961 § 104, dealing with the nature of contracts.

▮ It is patently clear the oral agreement alleged by plaintiff in support of the cause of action sought to be declared upon, wholly failed to meet the requirements of an enforceable contract. A demurrer to the petition raises issues of law relative to the legal sufficiency of such petition to entitle the pleader to any relief. 12 O.S.1961 §§ 261, 263. When the plaintiff is not entitled as a matter of law to recover under the facts alleged, a demurrer to the petition properly is sustained. Roberts v. Barclay, Okl., 369 P.2d 808. We are of the opinion the trial court correctly sustained defendant's demurrer to the amended petition.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON and WILLIAMS, JJ., concur.

DAVISON, J., concurs in result.

JACKSON and IRWIN, JJ., dissent.