**LAKEVIEW FARMS, INC., Appellant–**
**Defendant Below,**

v.

**Raymond R. PATTEN, Appellee–**
**Plaintiff Below.**

**No. 92A03–9311–CV–387.**

Court of Appeals of Indiana,
Third District.

Oct. 6, 1994.

Rehearing Denied Jan. 18, 1995.

John O. Feighner, Robert W. Eherenman, Haller & Colvin, Fort Wayne, for appellant.

Philip R. Terrill, Mark A. Thoma, Tremper, Bechert, Leonard & Terrill, Fort Wayne, for appellee.

STATON, Judge.

Lakeview Farms, Inc. ("Lakeview") appeals the judgment in favor of Raymond R. Patten ("Patten") on Patten's claim for breach of an oral employment agreement to procure medical insurance. Lakeview presents four issues for our review, only one of which we must address. Restated, it is whether the trial court erred in denying Lakeview's motion for judgment on the evidence regarding the existence of an oral contract to procure Patten's medical insurance.

We reverse.

The facts most favorable to the verdict reveal that Lakeview hired Patten as a full-time farm employee on October 14, 1984. As a condition of Patten's employment, Lakeview agreed to provide Patten with insurance at an annual cost of $800.00. Patten testified that this agreement to provide insurance was to cover his medical expenses. On April 29, 1986, Patten was injured in a farm accident, resulting in the amputation of his left leg several inches below the knee. Although Patten was covered on Lakeview's liability insurance policy, Lakeview had not procured medical insurance on his behalf. As a result, Patten was without medical insurance and a substantial portion of his medical expenses

were paid by the local department of welfare's Health Care for the Indigent program.

Because of Lakeview's failure to provide him health insurance, Patten brought this claim against Lakeview for breach of the oral agreement to procure insurance. Lakeview brings this appeal from a jury verdict awarding Patten $96,000 damages on his claim.

Lakeview contends that the trial court erred in denying its motion for judgment on the evidence on Patten's breach of oral contract claim. On appeal, we use the same standard of review as the trial court in determining the propriety of a judgment on the evidence. *Dahlin v. Amoco Oil Corp.* (1991), Ind.App., 567 N.E.2d 806, 810, *trans. denied.* When the trial court considers a motion for judgment on the evidence, it must view the evidence in a light most favorable to the nonmoving party. Judgment may be entered only if there is no substantial evidence or reasonable inference to be drawn therefrom to support an essential element of the claim. *Id.*; *Sipes v. Osmose Wood Preserving Co.* (1989), Ind., 546 N.E.2d 1223, 1224.

 Lakeview argues that no enforceable oral contract to procure insurance existed between the parties because Patten presented no evidence of definite and certain contract terms. A contract to procure insurance does not arise until the parties have agreed on the essential terms of the insurance to be procured. *Reith–Riley Construction Co., Inc. v. Auto–Owners Mutual Insurance Co.* (1980), Ind.App., 408 N.E.2d 640, 644, *trans. denied* (citing *Bulla v. Donahue* (1977), 174 Ind.App. 123, 366 N.E.2d 233). This requirement has been relaxed when the agreement to procure insurance was made by an insurance agent:

> An insurance agent holds himself out as an expert in his field and invites his client to rely upon this expertise in procuring a policy consistent with his needs. Thus, an agreement to procure insurance may arise even though the agent is given authority to ascertain some of the facts essential to the creation of the ultimate contract of insurance. The terms and conditions of the proposed policy need only be sufficiently definite to enable the agent or broker to procure a policy consistent with the applicant's insurance needs.

*Bulla, supra,* 366 N.E.2d at 236; *see also Maryland Casualty, infra,* at 167. However, Indiana courts have not determined this issue in the context of an oral agreement to procure insurance between an employer and an employee.

In support of its contention that definite and certain terms are necessary in this context, Lakeview relies on *Action Ads, Inc. v. Judes* (1983), Wyo., 671 P.2d 309. In *Action Ads,* an employee brought an action against his employer for breach of a written agreement to provide medical insurance. The Supreme Court of Wyoming stated:

> In the present case, the extent of the undertaking of Action Ads to furnish insurance is contained in the following term of the parties' employment contract:
>
> > 'In addition, sixty days from your date of hire, Action Ads Inc. will provide a medical insurance program for you and your dependents.'
>
> The appellee offered no evidence as to the risks insured against, the amount of coverage, or any other details of the "insurance program" that Action Ads, Inc. was obligated to provide. There was no proof of the insurance carrier contemplated by the parties. Most important, there was no showing that the injury actually sustained by Mr. Judes would have been covered by the insurance program had Action Ads fully complied with the employment contract.
>
> It is apparent that the pertinent contract term is not sufficiently definite and certain to permit this court to determine the extent of the promised performance.... Since the plaintiff failed to show to what extent, if any, the promised insurance program would have compensated him for his injury, we hold that the agreement to provide insurance was too uncertain and indefinite to be enforceable.

*Id.* at 312. The concurring opinion went on to state:

> the appellee in this case produced no evidence other than the employment contract and his medical expense. It is suggested that if he had produced a policy of insurance of the type purchased by appellant to

cover employees of appellant similarly situated, then the court may have been able to make reasonably certain that which is uncertain.... I can see no justice in law or fact to stick appellant as an insurer of all of appellant's hospital and medical expense.

*Id.* at 314.

 We find this language instructive and conclude that in an action based on one who is not an insurance agent's agreement to procure insurance for the benefit of another, the pertinent terms of the proposed insurance policy must be proven with sufficient certainty to support an action for damages thereon. In order to meet this burden, the plaintiff must demonstrate the extent to which the proposed insurance policy would have compensated him for his injuries had it been procured on his behalf.[1]

In the case at bar, Patten relies on the assertion that in his negotiations with Lakeview, Lakeview agreed to provide "health, accident [and] major medical insurance" like he had at his previous employer. Record, p. 430. Lakeview's manager, Don Shearer ("Shearer"), wrote down the details of Patten's compensation package, including a designation for "$800.00 Insurance". Record, p. 435. Although Patten and Shearer briefly discussed the insurance issue on several occasions, the parties did not discuss an insurance carrier, the risks insured against, the amount of coverage, deductible amounts, or any other details of the contemplated insurance.[2] Patten presented no evidence of the

extent or terms of his previous employer's coverage on which he relied for comparison, nor did he present evidence indicating that Lakeview was aware of those terms.

Under these circumstances, we conclude that the terms of the agreement between Lakeview and Patten were not sufficiently definite to permit the court to determine the extent of the promised insurance coverage. As a result, the agreement between the parties was not sufficiently certain to be enforceable, and Lakeview's motion for judgment on the evidence should have been granted.

Reversed and remanded with instructions that the trial court enter judgment on the evidence in favor of Lakeview.

GARRARD, J., concurs.

KIRSCH, J., dissents and files separate Opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent.

Lakeview agreed to provide Patten with medical insurance. Lakeview breached that agreement. As a result of the breach, Patten had no insurance coverage for the medical expenses incurred when his leg was tragically amputated in an accident. These expenses were in excess of $108,000.00. The majority concludes that the terms of the agreement were not sufficiently definite to permit the court to determine the extent of the promised coverage. This conclusion relieves the wrongdoer of responsibility for its

---

1. *Accord Maryland Casualty Co. v. Clean–Rite Maintenance Co.* (1967), 9th Cir., 380 F.2d 166 (maintenance company's oral contract with building owners to provide insurance for any claim arising out of window washing operations did not constitute an enforceable contract to procure insurance); *Foster–Davis Motor Co. v. Slaterbeck* (1939), 186 Okl. 395, 98 P.2d 17, 19 (an employer's agreement to procure "the same protection as if [the employee] were covered under the Compensation Laws of Oklahoma" held too uncertain to be enforceable).

2. Patten relies on *Reith–Riley, supra,* to support the enforceability of his contract. *Reith–Riley* involved a truck lease agreement which provided that lessee Reith–Riley would carry public liability and property damage insurance on the leased vehicle. Reith–Riley failed to do so. When the truck was involved in an accident, the owner-

lessor's insurer paid the claim and sought recovery from Reith–Riley based on Reith–Riley's breach of the lease's provision to procure insurance. This court concluded that although the relevant provision did not specify the amount of insurance coverage, its meaning could be ascertained by evidence of the numerous policies procured by Reith–Riley on behalf of other lessees under the same contract provision. Reith–Riley had thus established a course of dealing from which the details of the contemplated insurance policies could be determined. *Id.* at 645–646. On the contrary, the record in the instant case contains no evidence of any medical insurance which Lakeview ordinarily provided to its employees. The record is devoid of any other evidence from which this court can infer reasonably definite contract terms.

breach and leaves the injured party without a remedy.

The question of the extent of promised coverage is a question of the damages that resulted from Lakeview's breach. Indiana has long held that doubts as to the damages should be resolved against the one whose wrongful act caused such doubts. *See Tea v. Gates* (1858), 10 Ind. 164.

Here, there is no doubt that the plaintiff sustained substantial damage as a result of the defendant's breach. The only doubt is the extent of such damages. Difficulty in the precise ascertainment of damages should not bar recovery. Patten proved the existence of the contract and presented the only evidence available to prove his loss: the medical expenses that he incurred. The jury heard that evidence and awarded Patten 88% of those expenses. The losses sustained and the damages awarded should have been foreseen by Lakeview as a probable result of its breach at the time the contract was made.

I would affirm the trial court's judgment upon the jury verdict.