FILED
United States Court of Appeals
Tenth Circuit

April 13, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

CHOICE HOTELS
INTERNATIONAL, INC.,

     Plaintiff - Appellee,

v.

PAPAMKRUPA HOSPITALITY,
LLC, a/k/a Paramkrupa Hospitality,
LLC, an Oklahoma limited liability
company,

     Defendant - Appellant.

No. 20-5003
(D.C. No. 4:18-CV-00285-GKF-JFJ)
(N.D. Okla.)

_____

ORDER AND JUDGMENT*
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **BACHARACH**,
Circuit Judges.
_____

     This appeal grew out of negotiations to settle a trademark dispute,

which arose from termination of a hotel franchise. The franchisor (Choice

Hotels International, Inc.) terminated the franchise on the ground that the

---

\*     Because oral argument would not materially help us to decide the
appeal, we have decided the appeal based on the record and the parties'
briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

     Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

franchisee (Paramkrupa Hospitality, LLC) had failed to pay fees. After the hotel franchise was terminated, the parties clashed on whether Paramkrupa was infringing Choice Hotels' trademarks.

The parties ultimately agreed to settle for $60,000 with an agreed judgment for $200,000 if Paramkrupa failed to pay. A disagreement arose, however, and Paramkrupa refused to sign. This refusal spurred Choice Hotels to move for enforcement of the settlement agreement. The district court granted the motion and awarded $200,000 to Choice Hotels for Paramkrupa's failure to timely pay the agreed settlement amount ($60,000). Paramkrupa appeals.

We affirm in part and reverse in part. We affirm the grant of Choice Hotels' motion to enforce the settlement, concluding that the parties reached an enforceable agreement. But we conclude that the district court erred in entering the judgment for $200,000. This part of the ruling strayed beyond Choice Hotels' motion.

I.     **The parties ostensibly agree on the written terms.**

During the pendency of the suit, the parties negotiated and appeared to reach an agreement on the terms. These terms included a requirement for Paramkrupa to

- pay $60,000 and

- sign an agreed judgment for $200,000, to be filed only if Paramkrupa failed to timely pay the settlement amount ($60,000).

2

Paramkrupa agreed, acknowledging the existence of a "deal." Appellant's App'x vol. 2, at 214. The parties then set out to memorialize the settlement terms.

The attorneys exchanged drafts of the settlement agreement. In this exchange, Paramkrupa proposed revisions and Choice Hotels stated that it agreed. Choice Hotels then sent a final version of the settlement agreement, asking Paramkrupa to sign. After receiving the settlement agreement, Paramkrupa's counsel asked Choice Hotels to confirm that it was releasing any claims that could have been raised in the lawsuit, including potential claims for breach of contract. Choice Hotels responded "no," and Paramkrupa refused to sign. *Id.* at 274.

## II. The district court can enforce the settlement agreement if the parties reached a meeting of the minds.

The district court can summarily enforce a settlement agreement. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). When the court exercises this power, we apply the abuse-of-discretion standard. *Id.*

In determining whether the district court abused its discretion, we consider whether the parties reached an enforceable settlement. A settlement is enforceable only if it constitutes an enforceable contract, so we consider the forum state's laws on contract formation. *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2015). In the forum state

3

(Oklahoma), we consider whether the parties reached a meeting of the minds. Okla. Stat. tit. 15, § 66.

### III. Though Paramkrupa refused to sign, the parties reached a meeting of the minds.

When the attorneys approved the settlement agreement, it contained a release of all claims "which were or could have been brought in this Lawsuit and which arise out of Defendant's [Paramkrupa's] alleged unauthorized use of the CHOICE family of marks at or in connection with the Subject Property [the hotel]." Appellant's App'x vol. 2, at 292–93. The threshold issue is whether this term left enough uncertainty between the parties to prevent a meeting of the minds. *Firstul Mtg. Co. v. Osko*, 604 P.2d 150, 152–53 (Okla. Civ. App. 1979). In Oklahoma, the test is whether the agreed term provided a basis for determining the existence of a breach and selecting an appropriate remedy. *Id.* at 153.

The district court concluded that a meeting of the minds existed, interpreting the agreed release to unambiguously exclude a contract claim by Choice Hotels for nonpayment of fees. Paramkrupa challenges the district court's approach, arguing that the court should have conducted an evidentiary hearing before determining whether the parties had reached a meeting of the minds. And if the court decided that the parties had reached an agreement, Paramkrupa argues, the court should have declined to interpret the release term. Interpretation, in Paramkrupa's view, was

4

something that should wait until Choice Hotels actually sued for breach of contract.

In our view, the district court properly addressed the meaning of the release term. There was little need for evidence, for the parties agreed on the release term. The only question is what the release term meant. Choice Hotels argued that the release term did not affect a future breach-of-contract claim for nonpayment of fees, and Paramkrupa argued the opposite. The district court could not resolve that dispute without interpreting the meaning of the release term.

In resolving that dispute, the district court properly focused on the release term itself. It joins two conditions with the conjunction "and," so both conditions were needed to release Paramkrupa. The parties agree that one of the conditions is that the claim must be one that could have been (or was) brought in this lawsuit.

Paramkrupa points out that Choice Hotels could have included a breach-of-contract claim in this suit, so this condition is satisfied. But the release term contains a second condition: A claim is released only if it "arise[s] out of Defendant's alleged unauthorized use of the CHOICE family of marks" at the hotel. A breach-of-contract claim for nonpayment of fees would not "arise out of" Paramkrupa's unauthorized use of Choice Hotels' family of marks. So the release term would not cover a breach-of-

5

contract claim for nonpayment of fees. Choice Hotels' interpretation of the release term was thus correct.

## IV. The district court went too far by entering a judgment against Paramkrupa for $200,000.

Agreeing with Choice Hotels' interpretation of the settlement agreement, the district court properly concluded that the agreement was enforceable. But the court didn't stop there.

The settlement agreement required an agreed judgment for $200,000 in the event that Paramkrupa failed to pay the settlement amount ($60,000). Though Choice Hotels didn't ask the district court to enter the agreed judgment, the court thought that it was required under the settlement agreement. So the district court not only granted Choice Hotels' motion to enforce the settlement agreement but also issued a judgment for $200,000 based on the judgment that Paramkrupa had agreed to sign.

The parties agree that we should apply de novo review on this aspect of the ruling. In conducting de novo review, we must examine the provision for the agreed judgment. Paramkrupa did promise to sign the agreed judgment, but Choice Hotels agreed that Paramkrupa would have ten days to cure a default. Until the ten days passed without any payment, Choice Hotels was not to file the judgment.

By entering the judgment, the district court not only bypassed the opportunity to cure but also deprived Paramkrupa of notice. Paramkrupa

6

should have had an opportunity to supply input prior to entry of the judgment. *Cf. Oldham v. O.K. Farms, Inc.*, 871 F.3d 1147, 1150–51 (10th Cir. 2017) (explaining that a sua sponte summary judgment ruling should be reversed if the losing party was procedurally prejudiced by the lack of notice).

## V. Conclusion

We affirm the order granting the motion to enforce the settlement agreement. But we vacate the judgment and remand for further proceedings consistent with this decision.[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] Counsel for Paramkrupa has moved for leave to withdraw, and we grant this motion.